WYZENKIEWICZ *v.* WYZENKIEWICZ.

1. DIVORCE — ADULTERY — NEGATIVING VOLUNTARY COHABITATION THEREAFTER—COMPLIANCE WITH CIRCUIT COURT RULE.

Although a bill for divorce by a wife charging adultery does not literally follow Circuit Court Rule No. 59 and positively aver that plaintiff has not voluntarily cohabited with defendant since discovery of the adultery, where there was no objection on the hearing, and the question is raised for the first time on appeal, a substantial compliance with the rule is *held*, sufficient; and, if necessary, permission would be here given to amend to literally comply with the rule.

2. SAME—SUFFICIENCY OF PROOFS.

Proofs *held*, sufficient to establish the charge of adultery.

3. SAME—ALIMONY—MODIFICATION OF DECREE.

Where, by the division made in the decree of income producing property held by the parties by the entireties, plaintiff's income is greater than that of defendant, who is in involved financial condition, the decree is modified to relieve him of the weekly payments for the support of a minor child, subject to review if the financial condition of the parties materially changes.

Appeal from superior court of Grand Rapids; Dunham (Major L.), J., presiding. Submitted June 8, 1923. (Docket Nos. 125, 126.) Decided July 19, 1923.

Bill by Jessie Wyzenkiewicz against Frank Wyzenkiewicz for a divorce. From a decree for plaintiff and a denial of a motion for a rehearing, defendant appeals. Modified and affirmed.

*Smedley, Linsey & Shivel,* for plaintiff.

*Shelby B. Schurtz,* for defendant.

On right to modify allowance for maintenance of child by decree of absolute divorce, see note L. R. A. 1917F, 731.

FELLOWS, J.   Plaintiff was granted a decree of divorce on the grounds of adultery and extreme cruelty.   She was given the custody of the 9-year-old child of the parties, a substantial amount of the property owned by them as tenants by the entireties for permanent alimony and an allowance of $7.50 a week for the support of the child.   Defendant has perfected two appeals, one from the decree and the other from an order denying his motion for a re-hearing.   As both appeals involve the same questions they were heard together and will be disposed of in one opinion.

It is insisted on behalf of defendant that adultery should not be made a basis of the decree, (1) because the bill does not positively aver that plaintiff has not voluntarily cohabited with defendant since the discovery of such adultery, as required by Circuit Court Rule No. 59, § 1; and (2) because adultery is not established by the proofs.   The bill does not literally follow the language of the rule but it does in substance.   In view of the fact that no motion to dismiss was made in the court below, and the further fact that no objection was made to the bill on the hearing of the case in the trial court and the point is raised for the first time in this court, we are persuaded that a substantial compliance with the rule under these circumstances is sufficient.   If necessary we should here permit the bill to be amended to literally comply with the rule.   We agree with the trial judge that the charge of adultery is established by the proofs.

The plaintiff was awarded a rooming house on Jefferson street which the parties owned, together with the furniture.   The value of this house was estimated by plaintiff at $12,000, by defendant at $16,000 or $17,000.   There are two mortgages on it aggregating $7,250.   There are also liens upon it and

it is liable to a joint judgment against the parties. There are back taxes and interest.    Plaintiff occupies seven rooms and the income from the balance is $55 a week.    Defendant was required to pay the liens, back taxes and interest, leaving $7,250 indebtedness against this property.    Defendant was given a two-family flat on Worden street owned by the parties. Defendant estimates its value at $8,000, and plaintiff estimates its value at $12,000.    There are mortgages on it aggregating $5,500.    It rents for $130 a month. Defendant was also given some vacant lots worth probably $500 or $600.    Defendant has an automobile and probably other property of doubtful value.    He owes considerable in personal debts.    His earnings are in dispute, plaintiff testifying:

"He was supposed to get $20 per week when he took the position.    He claimed he never got that much.    I don't know what he got."

While defendant insists that he drew but little from the concern he was interested in and suffered a considerable financial loss when he sold out his stock, he also claims that he is unable to do as hard work as he did in his earlier life.    The record is convincing that plaintiff's income from the Jefferson street property will considerably exceed defendant's income from the Worden street property and his personal earnings.

We are not persuaded that the division of the property should be disturbed.    Under this division, however, as we have just pointed out, plaintiff's income exceeds that of defendant.    Under such circumstances and in view of defendant's involved financial condition, we think plaintiff should support the minor child from the income already provided her and that the additional allowance of $7.50 a week should be set aside.    Should the financial condition of the parties materially change, application may be

made to the superior court of Grand Rapids for support of said child under the provisions of section 11417, 3 Comp. Laws 1915. As thus modified the decree will be affirmed, without costs to either party.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.